Mr. Chief Justice ShaReey
delivered the opinion of the court.
Motion to dismiss this case from the docket of this court- as being improperly entered. The only material question on the present motion is, can the court take jurisdiction of a cause coming before it as this does?
It seems, from the very few and imperfect papers which this court has before it, to have been an application to the circuit court of Yazoo county, for a mandamus to compel the Board of Police of Yazoo county to carry into effect the provisions of an act of the legislature, by which, as we learn from the affidavit in the case, certain rights are vested in the plaintiff.
In the decision of this matter it is only necessary to examine the case as it comes before us on the motion. It seems to have been sent here by the judge, of the circuit court, but for what purpose does not clearly appear, there being nothing more than a mere memorandum from the judge below, directed to this court. It is true that by the Revised Code, page 138, sec. 148, the judges had a right on new and difficult questions, when the judge doubled as to the rule of decision, to adjourn the question to the supreme court for its decision. It is a general rule, that an appellate court can act only on the record from the inferior court, which must contain a case sufficiently certain in its character to enable this court to act upon it; and, without pretending to inquire whether this court under the present constitution and laws, is properly invested with all the powers of the former supreme court, or whether its relations to the circuit courts are the same in the present question, we may safely assume the position, that it does not come up in such a way as to enable us to give the judge the information which seems to have been desired. Admitting for the present, that the powers of this court are co-extensive with those possessed by the former supreme court, the doubts of the judge below, if any existed, being all that could give us jurisdiction, are not properly certified to this court. The whole proceedings below, *23 whether by motion or otherwise, should have been placed upon "the record; and it should clearly appear by the record that the judge entertained doubts as to the rule of decision, and for this reason, that he had adjourned the questions on which he doubted, stating the same at large, to this court for its decision. If the point or question on which the judge doubts is not a part of the record, or does not appear on it, then by sec. 21 of the law orga-nising the supreme court, Revised Code, page 154, it is the duty of the judge to state the same in writing, and send it, with the other proceedings in such cause, to the supreme court.
Hence it is plain that all the proceedings must be sent up. In this case the motion below should have been stated at large on the record, and that the judge had doubts as to the rule of decision. This has not been done, nor indeed does it appear whether it was an application to the court in term time, or to the judge in vacation; certainly, if it were the latter, it could not properly merit the consideration of this court.
The cause must, therefore, be dismissed.